CUBA VILLAGE, Respondent, v. TOWN OF NEW HUDSON, Appellant.— Order unanimously affirmed, with costs. Memorandum: On May 11, 1971 the plaintiff Cuba Village Fire Department responded to a citizen's report of a fire in the Hanging Bog area of the defendant Town of New Hudson. En route, one of the fire pumper's engines was damaged while climbing a very steep grade. The plaintiff thereafter brought an action for $1,750 property damages against the Town of New Hudson. The defendant moved for summary judgment alleging improper service upon it of a notice of claim under section 209 of the General Municipal Law. In affirming Special Term's denial of the motion we observe that the statute requires that written notice of claims for loss or damage " be served by mail or otherwise on * * * the town clerk of the town " within 60 days of such loss or damage ('General Municipal Law, § 209, subd. 2). In this case a written notice of claim was mailed to a member of the Town Board of the Town of New Hudson and thereafter presented by that member to the Town Board at its next regularly scheduled meeting. Inasmuch as this concededly occurred within the 60-day time limitation, we conclude that it constitutes adequate and timely service upon the Town Clerk under the statute (General Municipal Law, § 209, subd. 2), since the Town Clerk is required by law to attend all board meetings (Town Law, § 30, subd. 1). (Appeal from order of Allegany Special Term denying motion for summary judgment.) Present — Goldman, P. J., Del Vecchio, Moule, Cardamone and Simons, JJ.